# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS, CDCR #V-46240,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>S. GATES; HEALTHCARE CORRESPONDENCE AND APPEALS BRANCH; POLICY AND RISK MANAGEMENT CALIFORNIA CORRECTIONAL HEALTH CARE SERVICE; S. ROBERTS; S. NGUYEN; ANDREW DENTON; MIN LEE; GREGORY DEL CAMPO,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:23-cv-01412-WQH-KSC<br><br>**ORDER DENYING MOTION TO CONSOLIDATE AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT**<br><br>[ECF No. 11] |

HAYES, Judge:

　　On July 31, 2023, Plaintiff Marcus Brent Fields, a state inmate currently incarcerated at the Kern Valley State Prison ("KVSP") filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's claims were far from clear but he appeared to claim that he received inadequate dental care when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD"). *See id.* at 4–6. Plaintiff sought injunctive relief,

1  $18,000,000 in compensatory damages, and $6,000,000 in punitive damages. *Id.* at 9.
2  Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis ("IFP"). (ECF No. 5.)
3  However, the Court found that Plaintiff was not entitled to proceed IFP because he
4  had previously filed four civil actions and appeals that had been dismissed on the grounds
5  that they were frivolous, malicious, or failed to state a claim. (*See* Sept. 27, 2023 Order,
6  ECF No. 7 at 6.) Accordingly, the Court denied Plaintiff's Motion to Proceed IFP as barred
7  by 28 U.S.C. § 1915(g). *See id.* In addition, the Court dismissed the entire action for failing
8  to prepay the $402 civil and administrative filing fees required by 28 U.S.C. § 1914(a) and
9  directed the Clerk of the Court to close the file. *See id.*
10 Currently before the Court is Plaintiff's Motion to Consolidate this matter with two
11 other matters he has filed in this Court. (ECF No. 11.) In those other two actions,[1] Plaintiff
12 has also been barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) and the actions
13 have both been dismissed. *See Fields v. Newsome, et al.*, S.D. Cal. Civil Case No. 3:23-cv-
14 1416-WQH-MSB (Order Denying Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g)
15 and Dismissing Action) (Sept. 27, 2023); *Fields v. Macomber, et al.*, S.D. Cal. Civil Case
16 No. 3:23-cv-1575-DMS-JLB (Order Denying Motion to Proceed IFP pursuant to 28 U.S.C.
17 § 1915(g) and Dismissing Action) (Nov. 16, 2023).
18 Because all three matters have been closed, there are no grounds to consolidate and
19 Plaintiff's Motion to Consolidate (ECF No. 11) is denied. The Clerk of the Court is directed
20 to enter judgment for Defendants and no further filings will be accepted in this matter.
21 **IT IS SO ORDERED**.
22 Dated: December 1, 2023

Hon. William Q. Hayes
United States District Court

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).